IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM F. BURRIS, § 
§ No. 26, 2020
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 92K01637DI (K)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: January 23, 2020
Decided: February 27, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, William F. Burris, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Burris's opening brief that his appeal is without merit. We agree and affirm.

(2) In 1992, Burris pled guilty to unlawful sexual intercourse in the first degree, unlawful sexual intercourse in the second degree, and two counts of sexual exploitation of a child. The Superior Court sentenced Burris to 33 years of Level V

incarceration, suspended after 30 years for decreasing levels of supervision. Burris did not file a direct appeal, but did file unsuccessful motions for postconviction relief, modification of sentence, and correction of sentence.[1]

(3)    On November 8, 2019, Burris filed a motion for correction of sentence. Burris argued that his sentence was illegal because 11 *Del. C.* § 4121(a)(4)(g) does not define a "sex offender" for purposes of sex offender registration and community notification to include people who were convicted of violating 11 *Del. C.* § 764 (indecent exposure in the second degree) before June 27, 1994. The Superior Court denied the motion, finding that the sentence was appropriate for all of the reasons stated at sentencing and that no additional information was provided to warrant reduction or modification of his sentence. This appeal followed.

(4)    We review the denial of a motion for correction of sentence for abuse of discretion.[2] To the extent a claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is

---

[1] *See, e.g., Burris v. State*, 2018 WL 6587160, at *1 (Del. Dec. 31, 2018) (affirming the Superior Court's denial of Burris's first motion for postconviction relief under Superior Court Criminal Rule 61); *State v. Burris*, Cr. ID No. 92K01637DI Order (Del. Super. Ct. Sept. 19, 2019) (denying motion for modification of sentence).

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[3] *Id.*

internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5) In his opening brief, Burris fails to raise any arguments concerning the § 4121 claim he made in the Superior Court. He has therefore waived review of that claim on appeal.[5] Burris instead argues that the Superior Court erred in denying his request for more than 900 days of good time credit. The record does not reflect that Burris sought or raised his entitlement to good time credit in the Superior Court. Absent plain error, which we do not find here, Burris's failure to raise the credit claim below constitutes a waiver of this claim on appeal.[6] We conclude that the Superior Court did not err in denying Burris's motion for correction of sentence.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[5] *Somerville v. State*, 703 A.2d 629, 631 (Del.1997); *Murphy v. State*, 632 A.2d 1150, 1152 (Del.1993).

[6] Supr. Ct. R. 8. We note that a motion for sentence correction under Superior Court Criminal Rule 35(a) is not the proper procedural vehicle to challenge the Department of Correction's calculation or application of good time. *See, e.g., Walls v. State*, 2010 WL 5393996, at *1 (Del. Dec. 28, 2010) (recognizing that a writ of mandamus, not a motion for correction of sentence, is the proper procedural vehicle for calculation or application of credit claim).